ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| MARÍA E. PACHECO PÉREZ<br><br>Parte Apelada<br><br>V.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO, DEPARTAMENTO DE LA FAMILIA, ADMINISTRACIÓN PARA EL SUSTENTO DE MENORES, ASUME, FULANO DE TAL Y SUTANO DE TAL<br><br>Parte Apelantes | TA2025AP00570 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2020CV03065<br><br>Sobre: Ley de Igualdad Salarial, Discrimen por Razón de Sexo, Ley 16-2017 |

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Salgado Schwarz y la juez Aldebol Mora.

Salgado Schwarz, Carlos G., Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico a 9 de marzo de 2026.

Comparece la Administración para el Sustento de Menores (ASUME) y solicita que revoquemos la Sentencia emitida el 26 de agosto de 2025[1] por el Tribunal de Primera Instancia, Sala Superior de Bayamón ("foro de instancia" o "foro apelado"). En esa ocasión, el foro de instancia declaró *Ha Lugar* la Demanda sobre la Ley de Igualdad Salarial de Puerto Rico y discrimen por razón de sexo.

Por los fundamentos que exponemos a continuación, ***revocamos*** la determinación recurrida.

-I-

A continuación, detallamos los hechos pertinentes a la controversia de epígrafe.

---

[1] Notificada el 27 de agosto de 2025.

El 2 de octubre de 2020, María E. Pacheco Pérez ("Apelada" o "Sra. Pacheco") presentó una *Demanda*[2] sobre la Ley de Igualdad Salarial y discrimen por razón de sexo en contra del Estado Libre Asociado de Puerto Rico, el Departamento de la Familia y ASUME. En esa ocasión, la Sra. Pacheco alegó que fue discriminada por razón de sexo en la medida en que su salario era sustancialmente menor al de un abogado varón, cuya clasificación de puesto era menor a la suya. El 23 de diciembre de 2020, ASUME presentó una *Moción de Desestimación*[3]. En síntesis, la parte apelante alegó que no discriminó contra la Apelada y que esta no presentó una reclamación que justificara la concesión de un remedio. Posteriormente, el 29 de marzo de 2021, el foro de instancia emitió una *Sentencia*[4] declarando *Ha Lugar* la moción de desestimación presentada por ASUME.

Inconforme, el 26 de abril de 2021, la Sra. Pacheco presentó un recurso de apelación alegando que el foro de instancia había errado al desestimar la demanda[5]. El foro apelativo emitió una Sentencia el 20 de julio de 2022 en la que revocó la determinación apelada y devolvió el caso al foro de instancia para la continuación de los procedimientos. Luego de múltiples trámites procesales, el 30 de mayo de 2024, las partes presentaron el *Informe de Conferencia Con Antelación al Juicio Enmendado*[6]. En esa ocasión, las partes hicieron las siguientes estipulaciones:

1. Se pueden estipular todas las transacciones de personal de la Parte Demandante, la Lcda. María E. Pacheco Pérez.

---

[2] Véase Entrada #1 del expediente de Primera Instancia en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[3] Véase Entrada #10 del expediente de Primera Instancia en SUMAC.
[4] Véase Entrada #22 del expediente de Primera Instancia en SUMAC.
[5] Véase Entrada #30 del expediente de Primera Instancia en SUMAC.
[6] Véase Entrada #89 del expediente de Primera Instancia en SUMAC.

2. Que para la fecha del 1 de agosto de 2001, la Lcda. María E. Pacheco Pérez, ocupando una clasificación de Abogada III en la ASUME; es nombrada a un puesto de confianza como Procuradora Auxiliar de la ASUME. Devengando en ese entonces y por razón de su clasificación (Confianza) un sueldo de $3,776.00.

3. Que la Lcda. Pacheco Pérez permaneció en el puesto de confianza como Procuradora Auxiliar de la ASUME, ininterrumpidamente hasta el 31 de julio de 2019.

4. Que la Ley Núm. 8 del 4 de febrero de 2017, "Ley para la Administración y Transformación de los Recursos Humanos en el Gobierno de Puerto Rico", derogó la Ley Núm. 184 de 3 de agosto de 2004, mejor conocida como "Ley para la Administración de los Recursos Humanos en el Servicio Público".

5. Que con efectividad al 1 de enero de 2023, todo el Gobierno Central de Puerto Rico incluyendo a la ASUME le fue de aplicación el "Nuevo Plan de Clasificación de Puestos para el Servicios [*sic*] de Carrera del Gobierno Central".[7]

Así las cosas, el 4 de junio de 2025 se celebró el juicio en su fondo. A continuación, se incluye un resumen de la prueba testifical.

**Testimonio María Pacheco Pérez**

El desfile de prueba comenzó con el testimonio de la apelada, la señora María Pacheco Pérez quien declaró que comenzó a trabajar como abogada en ASUME en el año 1995. En síntesis, la Sra. Pacheco indicó que se siente discriminada por razón de sexo debido a que realiza las mismas funciones, responsabilidades y condiciones de trabajo que el Lcdo. Fernando Rodríguez Caballero ("Lcdo. Rodríguez Caballero"), inclusive, lleva más tiempo trabajando en ASUME por lo que su clasificación es mayor. Sin embargo, por varios años este devengó un salario

---

[7] *Íd.*, pág. 7.

mayor al de ella. Además, la Sra. Pacheco trajo a la atención del tribunal el caso de varias abogadas que tenían menos años de experiencia que ella; sin embargo, devengaban un salario mayor.

### Testimonio Lcdo. Julio Rodríguez Caballero

La prueba continuó con el testimonio del Lcdo. Rodríguez Caballero, quien declaró que antes de trabajar en ASUME, laboró como abogado en ADFAN. Posteriormente, en el año 2006 comenzó a trabajar en ASUME con el mismo salario base que tenía en ADFAN. Sin embargo, recibió un aumento salarial al ser nombrado Procurador Auxiliar, posición que ocupó por dos (2) términos, de seis (6) años cada uno. Al culminar el segundo término, regresó a su puesto de carrera como Abogado I. En ese momento, indicó que recibió un aumento de salario como consecuencia de la Ley 184-2004, la cual permitía que un empleado de confianza, al regresar a su puesto de carrera pudiera recibir un aumento salarial si tuvo un buen desempeño en el puesto de confianza.

### Testimonio Omayra Liz Bernacet Dueño

La presentación de prueba oral culminó con el testimonio de la Sra. Bernacet Dueño, Oficial en Administración de Recursos Humanos en ASUME. Como parte de sus funciones, esta señaló que trabaja con el análisis de transacciones de personal. Además, la Sra. Bernacet testificó sobre diversos aumentos de salario, por legislación y/o por nuevo nombramiento, que tuvo tanto la Apelada, como la Lcda. Wanda Monge Reyes y el Lcdo. Rodríguez Caballero. Como parte de su testimonio indicó que la Ley 184-2004 permitía hasta un diez por ciento (10%) de aumento al salario base de un empleado de confianza que fuera reinstalado a su puesto de carrera.

Sobre este particular, señaló que el aumento se vería reflejado en el salario que devengaba el empleado antes de ser nombrado empleado de confianza.

Luego de evaluar la prueba presentada por las partes, el foro de instancia hizo las siguientes determinaciones de hechos, las cuales hacemos formar parte de este dictamen:

1. La demandante comenzó a trabajar en la Administración para el Sustento de Menores (en adelante ASUME) como Abogada I el 1 de marzo de 1995.

2. Su salario inicial era de $1,327.00, más un diferencial mensual de $239.00.

3. Efectivo al 1 de marzo de 1996, fue reclasificada como Abogada II con un salario de $1,846.00 más un diferencial de $343.00 mensuales.

4. Efectivo al 16 de abril de 1998 fue reclasificada a Abogada III con un salario de $2,165.00, más un diferencial del $379.00 mensuales.

5. La demandante recibió emolumentos por leyes que así lo ordenaban.

6. El 1 de agosto de 2001, la demandante fue nombrada Procuradora Auxiliar por un término de seis años.

7. Su salario era de $3,776.00 mensuales.

8. La demandante recibió otros emolumentos por virtud de ley.

9. Efectivo al 1 de agosto de 2007, demandante fue nombrada a un segundo término de seis años como Procuradora Auxiliar, con un salario de $4.977.00 [sic], mensuales.

10. Efectivo al 1 de agosto de 2013, la demandante fue nombrada a un tercer término de seis años como Procuradora Auxiliar con un salario de $4,977.00, mensuales.

11. El puesto de Procuradora Auxiliar está clasificado como uno de confianza a término.

12. La demandante fungió por 18 años como Procuradora Auxiliar en ASUME (2001-2019).

13. La demandante fue reinstalada a su puesto de carrera como Abogada III efectivo al 1 de agosto de 2019, con un salario de $3,230.00 mensuales.

14. La demandante recibió nuevos emolumentos por legislación.

15. La Lcda. Stephanie Sánchez, también Abogada III tiene un salario de $5,408.13. El cual es mayor al de la demandante.

16. El Lcdo. Francisco Rodríguez Caballero quien para la fecha de la reinstalación de la parte demandante fungía como Abogado I tenía un salario de $4,058.00 mensuales.

17. La Lcda. Wanda Monge también es Abogada III y su salario es de $4,600.00 mensuales.

18. El Lcdo. Fernando Rodríguez Caballero comenzó a trabajar en ASUME en octubre de 2006.

19. Este fue Procurador Auxiliar por un término de seis años.

20. El Lcdo. Fernando Rodríguez Caballero fue reinstalado a su puesto de carrera como Abogado I en el 2019.

21. Su salario de reinstalación fue de $4,050.00.

22. El Lcdo. Fernando Rodríguez Caballero coincidió con la demandante en la Región de Bayamón ambos como empleados de la ASUME. Ella como Abogada III y él como Abogado I.

23. A pesar de tener una clasificación inferior (Abogado I), el Lcdo. Rodríguez Caballero devengaba un salario mayor que la demandante, quien ocupaba el puesto de Abogada III.

24. El Lcdo. Rodríguez Caballero reconoció, en su testimonio, la experiencia

profesional de la demandante como abogada y Procuradora Auxiliar.

25. Incluso fue la demandante quien lo adiestró como procurador.

26. El salario del Lcdo. Rodríguez Caballero a partir del 16 de junio de 2024 es de $5,025.00.

27. La demandante hizo reclamación una extrajudicial [*sic*] por su diferencia de salario, pero su reclamo no fue contestado por su patrono.

28. Omayra Bernacet Dueño trabaja para la ASUME desde el 1994.

29. Laboró en Recursos Humanos desde el 1997 al 1998.

30. Actualmente hace investigaciones en casos con medidas disciplinarias.

31. Ha testificado en procedimientos administrativos, no en casos judiciales.

32. Ella fue quien preparó las certificaciones de los empleados mencionados en estas determinaciones de hechos.

33. El 1 de enero de 2023, comenzó la aplicación del Nuevo Plan de Clasificación de Puestos para el servicio de carrera del Gobierno Central.

34. A partir del 1 de enero de 2023, el salario mensual de la demandante era de $4,466.67, mensuales.

35. El sueldo actual de la parte demandante (desde el 16 de junio de 2024) es de $5.025.00 [*sic*], mensuales.

A tenor con lo anterior, el foro de instancia declaró *Ha Lugar* la Demanda sobre la Ley de Igualdad Salarial y discrimen por razón de sexo. Además, ordenó al Apelante a pagar la cantidad de $33,620.00 correspondientes a la cantidad dejada de percibir por la

Apelada del total del salario que le correspondía y una suma adicional de $33,620.00, correspondientes a la penalidad adicional impuesta por ley. El foro apelado señaló que dichas cantidades devengarán intereses correspondientes al interés legal de 4.50% desde la fecha de la Sentencia hasta su completa satisfacción, conforme al Comisionado de Instituciones Financieras.

Inconforme con tal determinación, el 18 de noviembre de 2025 ASUME acudió ante este Tribunal mediante recurso de apelación e hizo los siguientes señalamientos de error:

> **PRIMER ERROR: INCURRIÓ EN ERROR MANIFIESTO EL TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR CON LUGAR LA DEMANDA PRESENTADA, AL APLICAR ERRÓNEAMENTE EL DERECHO APLICABLE Y NO DESESTIMAR LA DEMANDA, AL APLICAR LA NORMA GENERAL DE LA LEY NÚM. 16 DE 2017 SUPRA; Y NO APLICAR LA EXCEPCIÓN DE LA REFERIDA LEY, QUE LEGALIZAN LAS ACCIONES REALIZADAS PARA LA PARTE APELANTE.**

> **SEGUNDO ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, AL APLICAR PRESUNCIÓN ADVERSA, DE LA REGLA 304(5) DE EVIDENCIA; CON RELACIÓN AL POSIBLE TESTIMONIO DE LA SRA. BETSY I. ROSADO VELÁZQUEZ, CONOCIENDO QUE LA PARTE DEMANDANTE NO PRESENTÓ EVIDENCIA SUFICIENTE PARA PROBAR UN CASO DE DISCRIMEN POR RAZÓN DE SEXO, Y LA PARTE DEMANDADA PRESENTÓ PRUEBA INDEPENDIENTE AL TESTIMONIO DE LA REFERIDA TESTIGO; ASÍ COMO LA PRUEBA ESTIPULADA POR LAS PARTES DEMOSTRANDO QUE LAS TRANSACCIONES DE PERSONAL FUERON REALIZADAS CONFORME A DERECHO.**

El 18 de diciembre de 2025, la Sra. Pacheco presentó su oposición alegando, en síntesis, que ASUME no demostró la existencia de factores razonables para brindarle a sus empleados diferentes salarios, incumpliendo así con el principio de igual paga por igual trabajo.[8] Posteriormente, el 21 de enero de 2026, la parte apelante presentó un *Alegato Suplementario*[9] a tenor con la Regla

---

[8] Véase Entrada #10 del expediente de Apelaciones en SUMAC.
[9] Véase Entrada #16 del expediente de Apelaciones en SUMAC.

21 del Reglamento del Tribunal de Apelaciones. Así las cosas, el 17 de febrero de 2026, la Sra. Pacheco presentó su *Alegato en Oposición a Recurso de Apelación*[10].

-II-

**A. Protección contra el discrimen**

El Artículo II, Sección 1 de la Constitución del Estado Libre Asociado de Puerto Rico promulga la igualdad de todos los hombres y mujeres ante la ley.[11] Así, nuestra ley suprema prohíbe, expresamente, el discrimen por motivo de raza, color, sexo, nacimiento, entre otras.[12] El discrimen es un trato desigual injustificado que una persona sufre por prejuicio o arbitrariedad, sin que exista un fundamento razonable para ello.[13]

Por su parte, el Artículo II, Sección 16 de nuestra Constitución dispone lo siguiente: "*Se reconoce el derecho de todo trabajador a escoger libremente su ocupación y a renunciar a ella, a recibir igual paga por igual trabajo* […]".

El mandato de igual paga por igual trabajo cobija a todo trabajador que reciba un salario o sueldo injusto en comparación con lo que reciben sus pares, cuando ambos realicen labores de igual naturaleza y no exista un criterio objetivo que justifique tal disparidad.[14] Conforme a ello, se espera que las leyes de personal y los reglamentos de las agencias públicas se formulen sujeto al principio de igual paga por igual trabajo.[15] Con la mencionada garantía constitucional se procura evitar el discrimen en el empleo público y disminuir las

---

[10] Véase Entrada #18 del expediente de Apelaciones en SUMAC.
[11] Art. II, Sec. 1, Const. ELA, LPRA, Tomo 1.
[12] *Garib Bazaín v. Hosp. Aux. Mutuo et al.*, 204 DPR 601, 614 (2020).
[13] *Íd.*, págs. 630-631.
[14] *Rivera Padilla, et al. V. OAT*, 189 DPR 315 (2013).
[15] *Íd.*, pág. 357.

molestias de los empleados cuyo desempeño podría afectarse por las diferencias injustificadas en la compensación que reciben.[16] Ahora bien, lo anterior no puede fungir como impedimento para que ciertos empleados que realizan las mismas labores reciban distintos salarios, siempre y cuando exista una justificación objetiva para la diferencia de compensación ante la igualdad de labores. Por ejemplo, esta justificación objetiva puede fundarse en los años de servicio, en la demanda u oferta en el mercado de trabajo, en las habilidades y las destrezas necesarias para realizar el trabajo y en el grado de complejidad de la tarea realizada, entre otros factores.[17]

Por su parte, la Ley Núm. 16 de 8 de marzo de 2017, también conocida como *Ley de Igualdad Salarial de Puerto Rico*[18] prohíbe el discrimen salarial por razón de sexo en trabajos comparables que requieran igual destreza, esfuerzo y responsabilidades, bajo condiciones similares. El Artículo 3 de dicha legislación dispone lo siguiente:

> Ningún patrono discriminará salarialmente por razón de sexo contra empleados que laboran en Puerto Rico y realizan trabajo comparable que tenga igual funciones, requiera igual destreza, esfuerzo y responsabilidades bajo condiciones de trabajo similares, a menos que dicha diferencia se deba a: i) un sistema bona fide que premia la antigüedad o el mérito en el empleo; ii) un sistema de compensación a base de la cantidad o calidad de la producción, ventas o ganancias; iii) por educación, adiestramiento o experiencia, en la medida en que esos factores están razonablemente relacionados con el trabajo específico en cuestión; o iv) cualquier otro factor razonable que no sea el sexo de la persona.[19]

---

[16] *Mercado Vega v. U.P.R.,* 128 DPR 273, 284 (1991).
[17] *Rivera Padilla et al. v. OAT*, supra, pág. 357 (2013).
[18] 29 LPRA § 251 et seq.
[19] Véase Artículo 3 de la Ley de Igualdad Salarial de Puerto Rico, Ley Núm. 16-2017 (29 LPRA § 253).

## B. Apreciación de la prueba

Como regla general, los tribunales apelativos aceptan como correctas las determinaciones de hechos de los foros inferiores, sin intervenir con la apreciación y la adjudicación de credibilidad que realiza el juzgador de los hechos en relación con la prueba testifical.[20] Ello, debido a que, "*[l]a tarea de adjudicar credibilidad y determinar lo que realmente ocurrió depende en gran medida de la exposición del juez o jueza a la prueba presentada, lo cual incluye, entre otros factores, ver el comportamiento del testigo mientras ofrece su testimonio y escuchar su voz*".[21] Después de todo, es el juzgador de los hechos o el jurado quien escucha la prueba testifical y evalúa el comportamiento de los declarantes.[22]

De conformidad, el Tribunal Supremo de Puerto Rico ha resuelto que, los tribunales apelativos intervienen con la apreciación de la prueba cuando: (1) el apelante demuestra la existencia de pasión, prejuicio, parcialidad o error manifiesto; o (2) si la apreciación de la prueba no concuerda con la realidad fáctica o esta es inherentemente imposible o increíble.[23] A esos efectos, la parte que impugne la apreciación de la prueba es la parte encargada de señalar y demostrar la base para la intervención apelativa.[24]

Por otro lado, la Regla 110(a) de las de Evidencia[25], dispone que "*el peso de la prueba recae sobre la parte que resultaría vencida de no presentarse evidencia por*

---

[20] *Pueblo v. Negrón Ramírez*, 213 DPR 895 (2024).
[21] *Ortiz Ortiz v. Medtronic*, 209 DPR 759, 778-779 (2022).
[22] *Pueblo v. Negrón Ramírez*, supra.
[23] *Íd*.
[24] *Pueblo v. Cabán Torres*, 117 DPR 645, 654 (1986).
[25] 32 LPRA Ap. VI, R. 110(a).

*alguna de las partes*". A su vez, en los casos civiles, la Regla 110(f) de las de Evidencia[26], establece que "[…] *la decisión de la juzgadora o del juzgador se hará mediante preponderancia de la prueba a base de criterios de probabilidad, a menos que exista disposición al contrario […]*".

-III-

En el presente caso, la parte apelante señala que incidió el foro de instancia al no aplicar correctamente la Ley 16-2017, *supra*, particularmente el Artículo 3 el cual señala varias instancias en las que un patrono podrá establecer diferencias salariales, sin que ello implique discrimen alguno. Por su parte, la Apelada asegura que fue discriminada por ser mujer, toda vez que, por años, su salario fue menor al del Lcdo. Rodríguez Caballero, a pesar de tener más años de experiencia que este.

Con el beneficio de la comparecencia de ambas partes, y luego de un extenso análisis de los documentos que obran en el expediente del caso, así como de la Transcripción de la prueba oral procedemos a resolver el asunto ante nos.

Según se desprende de la prueba presentada por las partes, no existe controversia en el hecho de que la Sra. Pacheco, durante varios años, devengó un salario menor al del Lcdo. Rodríguez Caballero. Ahora bien, debemos determinar si dicha diferencia salarial se basó en el sexo de la Apelada y no en factores permitidos por ley. Veamos.

Debemos comenzar señalando que no estamos ante un caso de igualdad de condiciones. La Apelada comenzó a

---

[26] 32 LPRA Ap. VI, R. 110(f).

trabajar en ASUME en el año 1995 y fungió como Procuradora Auxiliar por tres términos, desde el año 2001 hasta el año 2019, fecha en la que regresó a su puesto de carrera como Abogada III. Por su parte, el Lcdo. Rodríguez Caballero comenzó a trabajar en un puesto de carrera en ADFAN (Administración de Familias y Niños) con un salario de $3,238.00 y, posteriormente, en el año 2006, fue trasladado a ASUME donde fungió como Procurador Auxiliar por dos términos. Ahora bien, cabe señalar que, el aumento correspondiente al puesto de Procurador Auxiliar en ASUME se hizo a base del salario de $3,238.00 que devengaba en ADFAN. Al finalizar ese primer término como Procurador Auxiliar en el año 2012, el Lcdo. Rodríguez Caballero regresó a su puesto de carrera como Abogado I con un salario de $4,028.00. En ese momento histórico, se encontraba vigente la Ley 184-2004, la cual permitía que se le concediera al empleado un aumento salarial de hasta un diez por ciento (10%) del sueldo que devengaba en el puesto de confianza.[27] Tal y como mencionamos, la Sra. Pacheco fungió como Procuradora Auxiliar de manera ininterrumpida desde el 2001 al 2019. Una vez la Apelada regresa a su puesto de carrera como Abogada III en el año 2019, la Ley 184-2004 estaba derogada, por lo que no se pudo beneficiar de los aumentos salariales de los cuales se benefició el Lcdo.

---

[27] La Sección 8.2 de la Ley 154-2004, en parte pertinente, disponía lo siguiente: "*Los empleados de confianza con derecho a reinstalación a puestos de carrera conforme la Sección 9.2 de esta Ley, al ser reinstalados tendrán derecho a todos los beneficios en términos de clasificación y sueldo que se hayan extendido al puesto de carrera que ocupaba durante el término que sirvió en el servicio de confianza. También tendrá derecho a los aumentos de sueldo otorgados vía legislativa y a un incremento de sueldo de hasta un diez (10) por ciento del sueldo que devengaba en el puesto del servicio de confianza. Para otorgar este reconocimiento será necesario que se evidencia la ejecutoria excelente del empleado.*"

Rodríguez Caballero y que contribuyeron a la brecha salarial que impugna la Sra. Pacheco.

La Ley 16-2017 prohíbe que un patrono incurra en discrimen salarial por razón de sexo en aquellos trabajos que requieran igual destreza, esfuerzo y responsabilidades. Ahora bien, la legislación es clara al señalar que podrá haber una diferencia en salario, sin que ello resulte en discrimen por razón de sexo, cuando la diferencia se deba a: 1)un sistema bona fide que premia la antigüedad o el mérito en el empleo; 2) un sistema de compensación a base de la cantidad o calidad de la producción, ventas o ganancias; 3) por educación, adiestramiento o experiencia, en la medida en que esos factores estén razonablemente relacionados con el trabajo específico en cuestión y 4) cualquier otro factor razonable que no sea el sexo de la persona. Por lo tanto, al presentar una alegación de discrimen salarial por razón de sexo, no es suficiente con demostrar que la parte interesada es mujer y que su salario es menor al de un hombre que realiza las mismas funciones que ella. Tal y como hemos señalado, existen otros factores a considerar.

En el caso de autos, es evidente que la Sra. Pacheco tiene más años de experiencia que el Lcdo. Rodríguez Caballero y realiza funciones similares a las de este. Ahora bien, de la prueba presentada surge que la Sra. Pacheco comenzó a laborar como abogada en ASUME, mientras que el Lcdo. Rodríguez Caballero comenzó a trabajar en otra agencia, a saber, ADFAN. Siendo así, el Lcdo. Rodríguez Caballero se benefició de diversos aumentos que no necesariamente le aplicaron a la Sra. Pacheco por tratarse de agencias distintas. Una vez el Lcdo.

Rodríguez Caballero comenzó labores en ASUME, este llegó con el salario que devengaba en ADFAN. De igual forma, y según testificó la señora Omayra Bernacet Dueño, Oficial en Administración de Recursos Humanos, al culminar el primer término como Procurador Auxiliar y regresar a su puesto de carrera, el Lcdo. Rodríguez Caballero se pudo beneficiar de un aumento salarial que no estaba vigente al momento de la Sra. Pacheco regresar a su puesto de carrera.

Por otra parte, debemos señalar la importancia de la Regla 110 (a) de Evidencia. Dicho inciso establece que el peso de la prueba recae sobre la parte que resultaría vencida de no presentarse evidencia por alguna de las partes. Es decir, en el caso de epígrafe, la Sra. Pacheco es quien tenía el peso de probar que la brecha salarial que existió entre ella y el Lcdo. Rodríguez Caballero durante varios años fue como consecuencia de un discrimen por razón de sexo. Sin embargo, no encontramos en el expediente prueba que sostenga dicha alegación.

A tenor con lo anterior, concluimos que erró el foro de instancia al determinar que ASUME incurrió en discrimen por razón de sexo contra la Sra. Pacheco.

-IV-

A la luz de los fundamentos que anteceden, ***revocamos*** la Sentencia apelada, dejamos sin efecto la imposición de honorarios de abogado y desestimamos la Demanda instada el 2 de octubre de 2020 por la Sra. Pacheco.

Lo acordó y manda el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones